**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0170n.06
Filed: March 27, 2008

**No. 07-3840**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CLAUDIA BROTHERS; DAVID L. CORSI, | ) | |
| | ) | |
| *Plaintiffs-Appellants*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF SUMMIT, Members of its County Council and its County Executive; DREW ALEXANDER, Summit County Sheriff Officer, In his individual and official capacity; LINDA K. RINEAR, Summit County Sheriff Officer, In her individual and official capacity; L. MOMCHILOV, Summit County Sheriff Officer, In his individual and official capacity; KELLY FATHEREE, Summit County Sheriff Officer, In her individual and official capacity; JOHN DOE, 1 through 10, Supervisors, Summit County Sheriff's Officers, In their individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO **O P I N I O N** |
| | ) | |
| *Defendants-Appellees.* | ) | |
| | ) | |
| | ) | |

**BEFORE:    COLE, GIBBONS, and ROGERS, Circuit Judges.**

**R. GUY COLE, JR.** Plaintiffs-Appellants Claudia Brothers and David L. Corsi brought suit against the County of Summit, members of its County Council and its County Executive, and the following persons in their individual and official capacities: Summit County Sheriff Drew Alexander and Summit County Sheriff Deputies Linda K. Rinear, Larry Momchilov, and Kelly Fatheree (collectively, Defendants), alleging a Fourth Amendment violation, via 42 U.S.C. § 1983, and

pendent state law claims of intentional infliction of emotional distress, false arrest, false imprisonment, and defamation.[1] Plaintiffs assert that Defendants' investigation of Plaintiffs' daycare facility, prompted by complaints of improper conduct between Corsi and several of the children at the daycare, and Corsi's subsequent arrest irreparably damaged their reputations and business.

Defendants moved for summary judgment, asserting that 1) Defendants are immune from Plaintiffs' § 1983 claim and that, in any event, Defendants did not violate Plaintiffs' Fourth Amendment rights; and 2) pursuant to Ohio's Political Subdivision Tort Liability Act, Defendants are immune from Plaintiffs' pendent state law claims. Magistrate Judge James Gallas granted Defendants' motion for summary judgment, concluding that Plaintiffs failed to demonstrate that Defendants violated their rights and that Defendants are also immune from Plaintiffs' federal and state law claims. Plaintiffs now appeal the district court's judgment.

Applying a de novo standard of review, as we must, *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc), we conclude that the district court's well-reasoned and thorough opinion supports the judgment in favor of Defendants and that the issuance of a detailed written opinion from this Court would be unduly repetitious. Accordingly, the judgment rendered by the district court is affirmed on the basis of the reasoning set forth in its May 25, 2007 opinion.

---

[1]The district court struck *sua sponte* the portion of the complaint naming the John Doe defendants, finding that Appellants had adequate time to conduct discovery and to properly identify and serve these unnamed defendants, yet failed to do so. Appellants do not appeal this decision.